# EXHIBIT F



**PACHULSKI STANG ZIEHL YOUNG JONES WEINTRAUB**

LAW OFFICES
PROFESSIONAL CORPORATION
NEW YORK, NY
LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE

William P. Weintraub                February 9, 2005                wweintraub@pszyjw.com

**Via Facsimile and Federal Express**

Oglebay Norton Company
North Point
1001 Lakeside Avenue
Cleveland, Ohio 44114
Attn: Rochelle Walk, Esq.

    Re:    In re ONCO Investment Company, et al.
           (Case No. 04-105581) / Payment of Fees
           and Expenses Incurred by
           Wells Fargo Bank, National Association

Dear Ms. Walk:

    This letter is submitted in accordance with Article III.A.1.e of the Debtors' confirmed Second Amended Plan of Reorganization dated June 30, 2004 (as, modified, the "Plan"). Wells Fargo Bank, National Association ("Wells Fargo") is the Indenture Trustee under the Indenture dated February 1, 1999 between Oglebay Norton Company (the "Company") and Wells Fargo (successor by merger to Norwest Bank Minnesota, National Association) governing the 10% Senior Subordinated Notes due 2009 (the "Subordinated Notes") issued by the Company. The Company and certain of its affiliates, including Guarantors (as defined in the Indenture) of the Subordinated Notes, were debtors and debtors in possession (collectively, the "Debtors") in the above-captioned jointly administered cases under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Wells Fargo, as Indenture Trustee, is entitled to payment under (i) section 7.07 of the Indenture, (ii) sections 105 and 503 of the Bankruptcy Code and (iii) Article III.A.1.e of the Debtors' Plan.

    Wells Fargo was appointed by the United States Trustee to the Official Committee of Unsecured Creditors (the "Creditors'

**Exhibit F**

**PACHULSKI STANG ZIEHL YOUNG JONES WEINTRAUB**

LAW OFFICES

Oglebay Norton Company
Attn: Rochelle Walk, Esq.
February 9, 2005
Page 2

Committee"), and served on the Creditors' Committee for the duration of the Debtors' cases. Wells Fargo was also named as a defendant in the Adversary Proceeding captioned MW Post Portfolio, Ltd. et al. v. Norwest Bank Minnesota, National Association, et al. (Case No. 04-54122 Bankr. D. Del. 2004) (the "Adversary Proceeding"). Through the Adversary Proceeding, certain holders of Senior Secured Notes (as defined in the Plan) sought to obtain certain premiums at the expense of any recovery by holders of the Subordinated Notes. Wells Fargo sought and obtained dismissal of the plaintiffs' complaint at the Adversary Proceeding.[1] Throughout the Debtors' cases, Wells Fargo has acted in accordance with its rights, duties and obligations under the Indenture.

During the course of the Debtors' chapter 11 cases, Wells Fargo incurred $269,580.54 in fees and expenses (including fees and expenses of legal counsel to Wells Fargo) in its capacity as Indenture Trustee.[2] Wells Fargo's fees and expenses generally relate to Wells Fargo's administration of its responsibilities as the Indenture Trustee and legal fees and expenses incurred with respect to Wells Fargo's rights and responsibilities as the Indenture Trustee. An invoice (the "Invoice") for fees and expenses incurred by Wells Fargo with respect to the services described herein in annexed hereto as Exhibit A.

---

[1] The orders dismissing the Adversary Proceeding were appealed to the District Court. Such appeals are currently pending, and nothing herein shall be construed as a waiver of Wells Fargo's right to payment under the Debtors' Plan or the Indenture for any fees or expenses incurred by Wells Fargo with respect to the Adversary Proceeding or the appeals.

[2] Wells Fargo also retained Dewey Ballantine LLP ("Dewey"), pursuant to a letter of instruction from certain holders of Subordinated Notes in accordance with the terms of the Indenture, to represent Wells Fargo with respect to the Adversary Proceeding. Wells Fargo, Dewey and PSZYJW have diligently worked to avoid duplication of services with respect to the Adversary Proceeding. Wells Fargo will request payment relating to fees and expenses incurred by Dewey by a separate letter to the Debtors.

**Exhibit F**

PACHULSKI
STANG
ZIEHL
YOUNG
JONES
WEINTRAUB

LAW OFFICES

Oglebay Norton Company
Attn: Rochelle Walk, Esq.
February 9, 2005
Page 3

## I. Administrative Fees

Wells Fargo incurred certain administrative fees and related expenses in its capacity as Indenture Trustee. During the Debtors' chapter 11 cases, Wells Fargo incurred $57,852.00 in fees and $1,642.85 in expenses on account of its administrative duties under the Indenture.

## II. Legal Fees and Expenses

Wells Fargo retained Pachulski, Stang, Ziehl, Young, Jones and Weintraub P.C. ("PSZYJW") as legal counsel to represent Wells Fargo with respect to these cases. PSZYJW represented Wells Fargo in the Debtors' cases with respect to various matters, including the following: (i) advising Wells Fargo with respect to Wells Fargo's membership on the Creditors' Committee; (ii) drafting proofs of claim on behalf of holders of the Subordinated Notes and the Indenture Trustee; (iii) advising Wells Fargo with respect to the Indenture Trustee's rights, duties and obligations under the Indenture; and (iv) defending Wells Fargo in the Adversary Proceeding. PSZYJW incurred $198,479.50 in fees and $11,676.19 in expenses during the course of its representation of Wells Fargo in connection with the Debtors' cases.

PSZYJW's fees are summarized below:

### A. Creditors' Committee

Wells Fargo, as Indenture Trustee for $100 million of Subordinated Notes, was a member of the Creditors' Committee. Wells Fargo participated in meetings and attended hearings pertaining to the Debtors' cases. PSZYJW provided advice to Wells Fargo with respect to the Indenture Trustee's rights, duties and obligations as a member of the Creditors' Committee and under the Indenture. PSZYJW also (i) attended meetings, (ii) analyzed the Creditors' Committee's and the Debtors' actions and options and (iii) reviewed various legal pleadings, memoranda and other documents related to the Creditors' Committee. PSZYJW spent

Exhibit F

PACHULSKI
STANG
ZIEHL
YOUNG
JONES
WEINTRAUB

LAW OFFICES

Oglebay Norton Company
Attn: Rochelle Walk, Esq.
February 9, 2005
Page 4

20.1 hours, and incurred fees of $11,509.50, representing Wells Fargo in its capacity as a member of the Creditors' Committee.

### B. Proofs of Claim

PSZYJW assisted Wells Fargo in preparing, drafting and filing proofs of claim on behalf of the holders of the Subordinated Notes and the Indenture Trustee against the Company and the Debtor-Guarantors of the Subordinated Notes under the Indenture. PSZYJW also conducted research regarding claims against the Debtors on behalf of holders of the Subordinated Notes and the Indenture Trustee pursuant to the Indenture and applicable law. PSZYJW spent 15 hours, and incurred fees of $3,915.00, assisting Wells Fargo by preparing proofs of claim against the Debtors.

### C. Enforcing the Indenture

PSZYJW assisted Wells Fargo in enforcing the terms of the Indenture throughout the Debtors' chapter 11 cases. In that regard, PSZYJW reviewed and analyzed the Debtors' Plan, Disclosure Statement and various pleadings filed by various parties in the Debtors' chapter 11 cases. PSZYJW apprised Wells Fargo with respect to the impact of the relief sought through such documents on the rights of the Indenture Trustee and holders of the Subordinated Notes and advised Wells Fargo regarding it rights, duties and obligations with respect thereto. With respect to the foregoing, PSZYJW also prepared and filed (i) an application for payment of an administrative expense to Wells Fargo and (ii) a limited objection to the Debtors' Plan. PSZYJW also negotiated a variety of modifications to the Debtors' Plan to reflect the Indenture Trustee's rights, duties and obligations under the Indenture. PSZYJW spent 208 hours, and incurred fees of $87,509.50, representing Wells Fargo with respect to enforcing the terms of the Indenture.

Exhibit F

PACHULSKI
STANG
ZIEHL
YOUNG
JONES
WEINTRAUB

LAW OFFICES

Oglebay Norton Company
Attn: Rochelle Walk, Esq.
February 9, 2005
Page 5

### D. The Adversary Proceeding

Wells Fargo was named as a defendant in the Adversary Proceeding, along with certain other parties including the Debtors and The Depository Trust Company. The plaintiffs in the Adversary Proceeding sought payment of certain prepayment and other premiums for their Secured Notes (as defined in the Debtors' Plan). Payment of any such premiums would have reduced the recovery of holders of Subordinated Notes. PSZYJW represented Wells Fargo in a successful effort to dismiss the Adversary Proceeding. With respect to the foregoing, PSZYJW filed an answer to the plaintiffs' amended complaint and researched, analyzed and filed counterclaims against the plaintiffs. PSZYJW spent 303.4 hours, and incurred fees of $95,545.50, representing Wells Fargo in the Adversary Proceeding.

### E. Expenses

PSZYJW also incurred $11,676.19 in direct expenses during the course of its representations of Wells Fargo with respect to the Debtors' cases.

Please remit payment of $269,580.54 in according with the instruction on the attached Invoice.

Very truly yours,

William P. Weintraub

WPW:lmb
cc:   Distribution List (attached)
      Via Facsimile and Federal Express

NY:7901

Exhibit F

# EXHIBIT A

Exhibit F

| Account Number | Invoice Number | Billing Date | | Amount Due |
|---|---|---|---|---|
| 13503800 | 001 | 2/9/2005 | | $269,580.54 |

Please remit payment to:

Oglebay Norton Company  
North Point Tower  
1001 Lakeside Avenue - 15th Floor  
Cleveland, OH 44114

Wells Fargo Bank, N.A.

Attn: Dan Drier  
MAC No. N9303-120  
6th and Marquette  
Minneapolis, MN 55479

*Please return this portion of the statement with your payment in the envelope provided:*

**DUE UPON RECEIPT**

| Please retain this portion for your records | Amount |
|---|---|
| Wells Fargo Bank, N.A. as Indenture Trustee, Registrar and Paying Agent for Oglebay Norton Company $100MM 10% Senior Subordinated Notes due 2009 | |
| | |
| **Annual Administration:** | |
| 2/1/04 through 7/31/04 | $4,000.00 |
| 8/1/04 through 1/31/05 | $4,000.00 |
| | |
| **Extraordinary Administration:** | |
| 2/2/04 through 2/7/05 (162.80 hours @ $305.00 p/hr and notice charges) | $49,652.00 |
| | |
| **Legal Expenses:** | |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 60114 dtd 2/29/2004 | $9,118.00 |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 60462 dtd 3/31/2004 | $30,457.50 |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 60828 dtd 4/30/2004 | $15,439.56 |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 61091 dtd 5/31/2004 | $13,476.80 |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 61462 dtd 6/30/2004 | $12,881.57 |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 61740 dtd 7/31/2004 | $37,088.89 |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 62048 dtd 8/31/2004 | $47,981.31 |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 62374 dtd 9/30/2004 | $22,083.41 |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 62726 dtd 10/31/2004 | $12,702.57 |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 63098 dtd 11/30/2004 | $896.78 |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 63474 dtd 12/31/2004 | $2,426.93 |
| Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. Invoice # 63856 dtd 1/31/2005 | $5,532.37 |
| | |
| **Out-of-Pocket Expenses:** | |
| Depository Trust Company Invoice # 284745 dtd 1/6/2005 | $110.00 |
| Julie Becker - travel dtd 3/6/2004 | $1,532.85 |
| | |
| **For wiring of funds:** | |
|     Wells Fargo Bank, NA | |
|     ABA # 121000248 | |
|     Beneficiary Name: Corporate Trust Clearing Account | |
|     Beneficiary Account No. 0001038377 | |
|     For further credit to: Account # 13503800 | |
|     Attn: Dan Drier Re: Oglebay | |
| | |
| For billing questions, please contact: Dan Drier (612) 316-0856 | **$269,580.54** |

**Exhibit F**

## Distribution List
(Sent Via Facsimile and Federal Express)

| | |
|---|---|
| Daniel J. DeFranceschi, Esq.<br>Paul N. Heath, Esq.<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>Wilmington, DE 19899<br><br>Fax:   (302) 658-6548 | David G. Heiman, Esq.<br>Heather Lennox, Esq.<br>Carl E. Black, Esq.<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH  44114<br><br>Fax:  (216) 579-0212 |
| Michelle Morgan Harner, Esq.<br>JONES DAY<br>77 West Wacker<br>Chicago, IL  60601<br><br>Fax:  (312) 782-8585 | David M. Fournier, Esq.<br>PEPPER HAMILTON LLP<br>1313 N. Market Street, Suite 5100<br>Wilmington, DE  19899-1709<br><br>Fax: (302) 421-8390 |
| Bruce Bennett, Esq.<br>HENNIGAN, BENNETT & DORMAN<br>601 South Figueroa Street, Suite 3300<br>Los Angeles, CA  90017<br><br>Fax: (213) 694-1234 | Brendan Linehan Shannon, Esq.<br>Edward J. Kosmowski, Esq.<br>YOUNG CONAWAY STARGATT &<br>   TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE  19899-0391<br><br>Fax: (302) 571-1253 |
| Frederick L. Ragucci, Esq.<br>James M. Peck, Esq.<br>Andrew R. Gottesman, Esq.<br>SCHULTE ROTH & ZABEL LLP<br>919 Third Avenue<br>New York, NY  10022<br><br>Fax:  (212) 593-5955 | Derek C. Abbott, Esq.<br>Jason W. Harbour, Esq.<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>Chase Manhattan Centre, 18th Floor<br>1201 North Market Street<br>Wilmington, DE  19899-1347<br><br>Fax: (302) 658-3989 |
| Wendell H. Adair, Jr., Esq.<br>Christopher R. Donoho, III, Esq.<br>A. Victor Glaser, Esq.<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY  10038-4982<br><br>Fax: (212) 806-6006 | Ms. Julie J. Becker<br>Vice President<br>Wells Fargo Bank<br>Corporate Trust Services<br>6th & Marquette<br>MAC N9303-120<br>Minneapolis, MN  55479<br><br>Fax: (612) 667-9825 |

92923-001\DOCS_NY:7911.1

**Exhibit F**